In the Matter of **PENN CENTRAL TRANSPORTATION COMPANY,** Debtor.

In re Petition of **UNITED NEW JERSEY RAILROAD AND CANAL COMPANY.**

No. 70–347.

United States District Court, E. D. Pennsylvania.

Oct. 27, 1972.

---

Goncer M. Krestal, Blank, Rome, Klaus & Comisky, Matthew W. Bullock, Jr., Philadelphia, Pa., for petitioner.

Richardson Blair, Ballard, Spahr, Andrews & Ingersoll, Morris Cheston, Jr., Philadelphia, Pa., for Girard Trust Bank & Morgan Guaranty Trust Co.

John N. Schaeffer, Jr., Morgan, Lewis & Bockius, Philadelphia, Pa., for The Fidelity Bank.

Charles A. Wolfe, Montgomery, McCracken, Walker & Rhoads, Philadelphia, Pa., for United New Jersey RR & Canal Co.

## MEMORANDUM AND ORDER NO. 991

FULLAM, District Judge.

On June 30, 1871, the four railroads comprising the United New Jersey Railroad and Canal Company ("UNJ") leased all of their property, both real and personal, to the Pennsylvania Railroad Company, the Debtor's predecessor, for a term of 999 years. The Debtor and its predecessors have been in possession of the property since then. To date, the Trustees of the Debtor have neither affirmed nor disaffirmed the lease.

Some time ago, UNJ filed a reclamation petition in these proceedings (Document No. 1138), seeking a partial termination of the lease, and the restoration to UNJ of some 30 parcels of real estate covered by the lease, but alleged by UNJ to be no longer required for railroad purposes.

While there are many legal obstacles which preclude granting the relief sought, it suffices for the present to point out that there is no provision in the lease which would authorize a partial termination. The present petition represents a unilateral attempt to reform the lease documents. The petition will be denied.

It should perhaps also be mentioned that, as the result of a convoluted series of transactions which have occurred over the years (a tentative outline of which is set forth in Exhibit A to the brief of Girard Trust Bank), various intervening rights have been created in the subject properties which cannot simply be ignored. Apart from the fact that certain ambiguities in the relevant documents make it probable that the rights of interested parties in each of the parcels would have to be unraveled separately, it is apparent that the reversionary interest of a lessor under a 999-year lease, where the demised properties are blanketed by various mortgages of both the lessor and the lessee, must be regarded as somewhat remote from immediate realization.